IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>     vs.<br><br>SARAH HANNAH and<br><br>LA MAISON INVESTMENT, LLC,<br><br>                    Defendants. | Case No. |

## COMPLAINT

The United States of America ("United States"), for its complaint against Defendants Sarah Hannah and La Maison Investment, LLC ("Defendants"), alleges as follows:

## NATURE OF ACTION

1. This is an action brought by the United States to enforce the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* ("Fair Housing Act" or "Act").

2. The United States brings this action for injunctive relief and monetary damages on behalf of Taci Adkins, pursuant to 42 U.S.C. § 3612(o).

3. The United States alleges that Defendants discriminated in the rental of a dwelling because of Ms. Adkins' disability[1] by refusing to make a reasonable accommodation in rules, policies, practices or services, when such accommodation was necessary to afford her equal opportunity to use and enjoy a dwelling, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(2)(A) and (f)(3)(B). The United States further alleges that Defendants coerced,

---

[1] The Fair Housing Act uses the term "handicap," see 42 U.S.C. § 3602(h), but consistent with modern usage, the government uses the term "disability" in this Complaint, and such usage is intended to cover the term "handicap" as used in the Act.

intimidated, threatened or interfered with Ms. Adkins in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights granted or protected by 42 U.S.C. § 3604, in violation of 42 U.S.C. § 3617.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

5. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 3612(o), and in the Western Division thereof, because the alleged discrimination occurred there and the dwelling at issue is located there.

## PARTIES

6. Plaintiff is the United States.

7. Defendant Sarah Hannah is an individual, and is, and at relevant times herein was, the owner and property manager of a four-unit residential complex at 700 N.E. 68th Street, Gladstone, Missouri ("the Subject Property"). She also is, and at all relevant times herein was, the sole incorporating organizer and agent for Defendant La Maison Investment, LLC.

8. Defendant La Maison Investment, LLC is a Missouri corporation and is, and at relevant times herein was, the property management company for the Subject Property.

## FACTS AND PROCEDURAL BACKGROUND

9. Ms. Adkins is an "aggrieved person" as defined in 42 U.S.C. § 3602(i).

10. Ms. Adkins has mental health disabilities within the meaning of 42 U.S.C § 3602(h) that substantially limit one or more of her major life activities. She has sought and receives professional treatment for her disabilities.

11. From approximately July 2020 through June 2021, Ms. Adkins resided in a unit within the Subject Property. The Subject Property is a "dwelling," as defined by 42 U.S.C. § 3602(b).

12. On June 8, 2020, Ms. Adkins submitted an online lease application for a unit in the Subject Property, which was then owned by Term, LLC and managed by Term's property manager, "J.B."

13. On July 10, 2020, Ms. Adkins completed a lease agreement that included a provision she initialed forbidding any pets, but told J.B. that she had a four-pound Miniature Pinscher mix named Rillo as an emotional assistance animal.

14. On August 1, 2020, Ms. Adkins provided J.B. a letter from her physician asking that Ms. Adkins's dog be allowed to live with her "for a medical reason as an emotional support animal." After acknowledging receipt of the physician's letter, and adding it to Complainant's tenant file, J.B. granted Ms. Adkins' reasonable accommodation request, allowing Ms. Adkins to have Rillo live with her at the Subject Property.

15. Ms. Adkins thereafter had Rillo reside with her at the Subject Property without issue during the remaining course of Term, LLC's ownership.

16. On August 31, 2020, Defendant Hannah purchased the Subject Property and assumed Ms. Adkins's lease from Term, LLC. In addition to owning the Subject Property, Defendant Hannah managed it as an agent for Defendant La Maison Investment, LLC.

17. On September 7, 2020, Defendant Hannah texted her new tenants, including Ms. Adkins, a new landlord introduction that stated, in part, "[y]our current lease and all payment terms will remain in full force . . ."

18. On September 25, 2020, Defendant Hannah posted a Notice of Lease Violation on Ms. Adkins's door accusing her of keeping a pet dog on the premises in violation of her lease and removing a "No Pets Allowed" sign from the front of her building. In the Notice, Defendants gave Ms. Adkins until September 28, 2020, to correct these alleged violations, asserting they were grounds for termination of Ms. Adkins's lease.

19. On the next day, September 26, 2020, in response to the Notice of Lease Violation, Ms. Adkins texted Defendant Hannah a photo of her doctor's letter that she had previously provided to J.B., denied the accusation that she removed a sign, and stated that her dog was a "service animal."

20. In a telephone conversation on September 28, 2020, Ms. Adkins told Defendant Hannah that the previous property manager, J.B., had approved her assistance animal.

21. Numerous times in September and December 2020, Ms. Adkins exchanged texts with Defendant Hannah in which Ms. Adkins again asserted that her dog was an assistance animal, and that she had a right to keep the animal at the Subject Property pursuant to law.

22. In December 2020, Defendant Hannah repeatedly denied Ms. Adkins' reasonable accommodation request.

23. On or around December 9, 2020, Defendant Hannah sent Ms. Adkins a text stating, in part, ". . .I need to know if you got rid of the dog. Or not. Because the Owners told me to tell you. 'Either the dog go or you go with him. [sic]'"

24. In a letter from Defendant Hannah dated December 9, 2020, Defendant stated, "Next, your dog. I do not want to debate this with you or incur further costs from my very

expensive lawyer that you will ultimately have to pay for, but you do not have a service dog and even if you did, service dogs are not federally mandated in residential dwellings of four units or less (Please see the Fair Housing Act of 1988) as a result, please abide by your lease and remove your dog or I will have no choice but to deem its continued presence a violation of the lease and have you evicted." In fact, the Subject Property is covered by the Fair Housing Act.

25. On or around December 12, 2020, Defendant Hannah sent Ms. Adkins a text stating, in part, ". . .Your act by having a dog will let other tenant [sic] want to have pets as well. And will create issues for us. Rules must be followed by all tenants, they are all equal and no one gets a special treatment."

26. On or around December 19, 2020, and again on December 23, 2020, Defendant Hannah texted Ms. Adkins an ultimatum: "GET [r]id of the dog, or I will evict you[.] [C]hoices are yours."

27. Despite Ms. Adkins's multiple requests that she be allowed to keep her assistance animal, Defendant Hannah refused to grant a reasonable accommodation.

28. On or about January 8, 2021, Ms. Adkins filed a fair housing complaint against Defendant Hannah with the United States Department of Housing and Urban Development ("HUD"). On or about January 15, 2021, HUD notified Defendant Hannah of the complaint and began the investigation. On or about February 3, 2021, the complaint was amended to add Defendant La Maison Investment, LLC as a Respondent.

29. During this time, the parties also had an ongoing dispute about the rent payments for December 2020 and January 2021, as Defendants alleged they did not receive

5

Case 4:22-cv-00768-FJG   Document 1   Filed 11/21/22   Page 5 of 9

the checks Ms. Adkins had mailed. On January 11, 2021, Defendants filed a rent and possession suit against Ms. Adkins.

30. In a letter dated May 4, 2021, Defendant Hannah, without providing a reason, informed Ms. Adkins that she was not renewing her lease, and stated that Ms. Adkins needed to leave the subject property by June 9, 2021.

31. Defendant Hannah's decision not to renew Ms. Adkins' lease was motivated in part by Ms. Adkins' having asserted her right to have her emotional assistance animal live with her at the Subject Property and in part by Ms. Adkins' having filed a HUD complaint.

32. Ms. Adkins had wished and intended to continue residing at the Subject Property, but moved out on or around June 27, 2021, because of the lease non-renewal notice. On September 7, 2021, the court issued an order in favor of Defendants for unpaid rent and late charges.

33. As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted an investigation of the complaint made by Ms. Adkins, attempted conciliation without success, and prepared a final investigative report.

34. Based on the information gathered in the investigation, the Secretary of HUD, pursuant to 42 U.S.C. § 3610(g), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred.

35. On October 12, 2022, the Secretary of HUD issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g), charging Defendants with discrimination under the Fair Housing Act.

36. On October 25, 2022, the Defendants elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a).

37. On October 31, 2022, a HUD Administrative Law Judge issued a Notice of Election and terminated the administrative proceedings on the HUD complaint filed by Ms. Adkins. Following the Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o).

## FAIR HOUSING ACT VIOLATIONS

### COUNT I (Sections 3604(f)(2) and 3604(f)(3)(B))

38. The United States incorporates the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39. Defendants violated 42 U.S.C. § 3604 (f)(2)(A) and (f)(3)(B) by refusing to grant Ms. Adkins' request for her assistance animal, when such accommodation was reasonable and was necessary to afford her an equal opportunity to use and enjoy the dwelling.

### COUNT II (Section 3617)

40. The United States incorporates the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

41. Defendants violated 42 U.S.C. § 3617 by coercing, intimidating, threatening, or interfering with Ms. Adkins in her exercise or enjoyment of rights granted or protected 42 U.S.C. §§ 3603-3606.

42. Ms. Adkins has suffered actual damages, including out-of-pocket expenses, inconvenience, and emotional distress. She also experienced loss of sleep, nightmares, weight loss, and headaches as a result of Defendants' discriminatory actions.

43. Defendants' discriminatory actions were intentional, willful, and taken in disregard of the rights of Ms. Adkins.

## REQUEST FOR RELIEF

WHEREFORE, the United States requests that this Court:

1. Declare that Defendants' discriminatory housing practices as set forth above violate the Fair Housing Act;

2. Enjoin and restrain Defendants, their officers, employees, agents, successors, and all other persons or corporations in active concert or participation with Defendants, from:

   A. Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2)(A);

   B. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

   C. Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

3. Order Defendants to take such affirmative steps as may be necessary to restore, as nearly as practicable, Ms. Adkins to the position she would have been in but for the discriminatory conduct;

4. Order Defendants to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no applicants or residents are discriminated against because of disability;

5. Award monetary damages to Ms. Adkins pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

6. Order such additional relief as the interests of justice require.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    **/s/ Charles M. Thomas**
Charles Thomas, MO #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: charles.thomas@usdoj.gov
ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA